IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH W. HUNTER**, | : | CIVIL ACTION NO. 1:07-CV-0915 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ALLAN LEONARD SODOMSKY,** et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 26th day of June, 2007, upon consideration of *pro se* plaintiff's application to proceed *in forma pauperis* (Doc. 7),[1] and the complaint (Doc. 1) in the above-captioned action, brought pursuant to 42 U.S.C. §§ 1983 and 1985, in which plaintiff avers that he entered into a plea agreement because of unlawful conduct of the defendants, plaintiffs' previously retained lawyers and their law firm, and it appearing that plaintiff is unable to pay the filing fee in the above-captioned case, see 28 U.S.C. § 1915 ("[A]ny court of the United States may authorize the commencement, prosecution, or defense of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefor."), that defendants were not acting under the color of state law, see No. 3:CV-05-0849, 2005 WL 1273569, at *2 (M.D. Pa. May 27, 2005) (holding

---

[1] Plaintiff previously filed a motion to proceed *in forma pauperis* (Doc. 2) without the appropriate prison authorization. The court will deny this motion as moot in light of the instant application to proceed *in forma pauperis* (Doc. 7).

that the actions of privately-retained counsel "were not 'under color of state law' within the meaning of 42 U.S.C. § 1983" (citing Polk County v. Dodson, 454 U.S. 312 (1981)); see also Felgar v. Hummel, No. 06-1450, 2006 WL 3591918, at *3 (E.D. Pa. Dec. 11, 2006) ("[T]he acts of the Public Defender are not acts committed under color of state law as is required to state a claim under Section 1983."); Strother v. Pressman, No. 91-7928, 1992 WL 3590, at *1 (E.D. Pa. Jan. 7, 1992) ("A defense attorney, whether court-appointed or privately retained, represents only his client, not the state. Thus, a defense attorney does not act 'under color of state law,' a critical element of a § 1983 claim."), and that plaintiff does not allege that defendants engaged in a conspiracy to deprive him of equal protection of the laws or that there was an act in furtherance of the conspiracy, see 42 U.S.C. § 1985(3); Farber v. City of Patterson, 440 F.3d 131, 134 (3d Cir. 2006), and the court finding that the complaint fails to state a claim on which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii), it is hereby ORDERED that:

1. The application to proceed *in forma pauperis* (Doc. 7) is CONSTRUED as a motion to proceed without full prepayment of fees and costs and is GRANTED as so construed.

2. The motion to proceed *in forma pauperis* (Doc. 2) is DENIED as moot.

3. The complaint (Doc. 1) is DISMISSED without prejudice.[2]
See 28 U.S.C. § 1915(e)(2)(B)(ii).

4. Leave to amend is DENIED as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

[2] To the extent that plaintiff raises state law claims (see Doc. 1 ¶ 1), the court declines to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c)(3).

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

6. The Clerk of Court is directed to CLOSE this case.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge